UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DESEAN HILL,                                         :

                          Plaintiff,                 :

              -against-                               : **REPORT AND RECOMMENDATION**

CAPT. BANKS, C.O. JOHN DOE,                           :              11 Civ. 6599 (BSJ)(KNF)
GANG INTELLIGENCE OFFICER MALONE,
                                                     :
                          Defendants.
-----------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE BARBARA S. JONES, UNITED STATES DISTRICT JUDGE

        On April 27, 2012, the Court directed the plaintiff pro se to advise it, in writing: (1)

whether he received the identity and address of John Doe; and (2) why he did not file his

amended complaint within the time specified by your Honor's October 25, 2011 order.  The

Court mailed a copy of its April 27, 2012 order to the plaintiff's address on file with the Clerk of

Court.  The plaintiff failed to comply with the Court's April 27, 2012 order.  The New York City

Corporation Counsel informed the Court that he provided the identity, shield number and

address of John Doe to the plaintiff, as well as identified Capt. Banks and provided her shield

number and address to the plaintiff.  On May 24, 2012, the Court directed the plaintiff to file an

amended complaint, on or before June 22, 2012, naming the defendants whose identities and

shield numbers were provided to him, and that failure to comply with that order may result in

dismissal of the complaint against John Doe and Capt. Banks, pursuant to Rule 4(m) of the

Federal Rules of Civil Procedure.  The Court mailed a copy of its May 24, 2012 order to the

plaintiff's address on file with the Clerk of Court, but that copy was returned to the Court as

undeliverable by the United States Postal Service.  On May 24, 2012, defendant Edward

Malone's attorney sent a letter to the Court, informing it that she attempted to serve the plaintiff

with Malone's answer "at his last known address as noted on the court docket and it has been

returned to us as undeliverable."

"If a defendant is not served within 120 days after the complaint is filed, the court—on

motion or on its own after notice to the plaintiff—must dismiss the action without prejudice

against that defendant or order that service be made within a specified time."  Fed. R. Civ. P.

4(m).  "*[P]ro se* status 'does not exempt a party from compliance with relevant rules of

procedural and substantive law.'"  Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477

(2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

As of the date of this order, the docket sheet maintained for this action by the Clerk of

Court shows that: (a) the plaintiff did not file an amended complaint; (b) John Doe and Capt.

Banks were not served with the summons and complaint within the time prescribed by Rule 4 of

the Federal Rules of Civil Procedure; and (c) no enlargement of time to serve was requested by

the plaintiff.  Moreover, the plaintiff has not shown good cause for extending the time to serve

John Doe and Capt. Banks.  Although the copy of the Court's May 24, 2012 order, providing

notice to the plaintiff that failure to file his amended complaint may result in dismissal pursuant

to Rule 4(m), was returned to the Court as undeliverable, the plaintiff pro se is not exempted

from updating his address and checking the status of his case, which would prompt him to see

the May 24, 2012 order on the docket sheet maintained by the Clerk of Court for this action.

Accordingly, since the plaintiff was provided with notice that his complaint may be dismissed

for failure to serve, dismissing the complaint without prejudice against John Doe and Capt.

Banks, pursuant to Rule 4(m), is warranted.  See Zapata v. City of New York, 502 F.3d 192, 199

(2d Cir. 2007) (dismissal was warranted where the plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay.").

## RECOMMENDATION

For the foregoing reasons, I recommend that the complaint against John Doe and Capt. Banks be dismissed, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Barbara S. Jones, 500 Pearl Street, Room 1920, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York                     Respectfully submitted,
      June 29, 2012

Copy mailed to:                     _Kevin Nathaniel Fox_
                                    KEVIN NATHANIEL FOX
Desean Hill                         UNITED STATES MAGISTRATE JUDGE

3